(9 Misc. Rep. 128.)

### REMINGTON v. VAN INGEN et al.

(Common Pleas of New York City and County, General Term.    June 4, 1894.)

CONTRACT OF HIRING—MISREPRESENTATIONS—EVIDENCE.
    Plaintiff, while in the employ of one M., applied to defendant for work, and stated that he was voluntarily giving up his position with M.    At that time no complaint against plaintiff had been made by M.    *Held*, that such statement was a mere expression of opinion, and the fact that M. afterwards told defendant that he was about to discharge plaintiff did not justify defendant in refusing to perform his contract to employ plaintiff.    26 N. Y. Supp. 878, affirmed.

Appeal from city court, general term.

Action by Otis L. Remington against Edward H. Van Ingen and others to recover damages for alleged breach of contract for plaintiff's employment.    From a judgment of the city court (26 N. Y. Supp. 878) affirming a judgment entered on a verdict in favor of plaintiff, defendants appeal.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Walter S. Logan, for appellants.
Otto Horwitz, for respondent.

BISCHOFF, J.    The plaintiff sued to recover for the defendants' breach of a contract to employ him from September 15, 1892, to the next succeeding 1st day of January, at an annual salary of $1,300; and the defenses, besides a denial that any such contract was in fact entered into, were that the contract was induced by misrepresentations on the part of the plaintiff, for which it was subsequently rescinded; that the plaintiff was guilty of conduct which justified the defendants' refusal to take him into their employ; and an accord and satisfaction.    On the trial the plaintiff testified that the difference between his earning subsequent to the defendants' breach and the agreed salary was $209.54, which was not disputed, the defendants' counsel assenting that the plaintiff was entitled to recover that amount, if at all.    When both sides rested, the trial court directed a verdict for the plaintiff, to which

direction the defendants' counsel duly excepted. The propriety and correctness of the direction are assailed on this appeal.

That the contract of employment was concluded by the plaintiff's letter of September 15th accepting the defendants' proposition contained in their letter of the 10th to commence the employment on the 15th is, in the light of the plaintiff's testimony concerning his interview on the 6th with the defendant Edward H. Van Ingen, corroborated as it is by the latter's testimony, so apparent that to recapitulate the facts in evidence would be a task of mere supererogation. The defense, also, of an accord and satisfaction was without any support, and substantially abandoned. The only actual contention was concerning the plaintiff's representations to the defendant Edward H. Van Ingen on September 6th, relying upon the truth of which the defendants claimed that they were induced to enter into the contract of employment, and for the alleged falsity of which representations they urged that they were justified in refusing to receive the plaintiff as an employe at the time agreed. At the time of the interview alluded to, the plaintiff was in the employ of Macullar, Parker & Co., of Boston, and, answering the inquiries of the defendant Edward H. Van Ingen, he stated that he was in good standing with his employers, that they were entirely satisfied with him and his work, and that he could continue in their employ if he so desired. It is in evidence from the testimony of witnesses called for the defendants, and unchallenged, that at the time plaintiff made the representations he had been in the employ of Macullar, Parker & Co. for about three years, during which period his salary had been from time to time voluntarily increased by his employers, and up to which time no expression of dissatisfaction had been uttered by the latter, nor their intention to discharge the plaintiff from their employ intimated to him. Assuredly, under such circumstances, the plaintiff's representation cannot be regarded as more than the mere expression of an opinion of his employers' regard for him. Assuming, however, that the misrepresentation by a person of his opinion is the misrepresentation of a fact, subjectively so, it still remained for the defendants to show that the plaintiff, at the time of the interview, knew, or had reasons for knowing, that the regard of his employers for him was not such as he stated that he believed it to be, and so that the opinion or belief expressed was uttered in bad faith, and with the intention to mislead. Not only is the record destitute of everything to that effect, but the fact that ample opportunity was afforded the defendants for inquiry of Macullar, Parker & Co. before the contract with the plaintiff was concluded is evidence, inferentially, to the contrary. On September 10th, when the plaintiff communicated his intention to Macullar, Parker & Co. that he was about to leave their employ, a representative of that firm replied that it was well he did so, as the firm had been dissatisfied with the plaintiff for some time, and were about to discharge him. Plaintiff testified that this occurred after he had written and mailed his letter of the same day apprising the defendants that he would present him-

self for duty on the 15th. We will, however, assume that it may be fairly inferred from the evidence that the occurrence alluded to was before the letter was mailed. It is claimed for the defendants that the failure to communicate the occurrence, and the acceptance of their proposition to employ him, with knowledge of the occurrence, was a fraud by the plaintiff upon them. We do not think that the facts may be so regarded. Notwithstanding the remarks of Macullar, Parker & Co.'s representative, and for aught that appears, it was still the plaintiff's honest opinion that, but for his voluntary departure from Macullar, Parker & Co.'s employ, he could have continued therein.

Next it was contended for defendants that there was evidence tending to show that shortly before severing his connection with Macullar, Parker & Co. the plaintiff, while on business for his firm, had been in "bad company" at Cleveland, Ohio, and that, fearing the fact would come to the knowledge of his employers, in which event he would suffer discharge from employ, he anticipated the discharge, by resigning after securing employment with the defendants, and therefore that when he represented it to be his opinion that he could continue in the employ of Macullar, Parker & Co., if he so desired, he knew the representation to be false, and misrepresented his opinion or belief. What was meant, however, by the "bad company" into which the plaintiff had fallen was left wholly to conjecture. It nowhere appears that the plaintiff was at fault, or that he was guilty of indiscretion, or worse. Hence there was no evidence from which it could have been reasonably inferred that the plaintiff's conduct on the occasion referred to was such that because of it he might fairly have been apprehensive of his employers' displeasure after they had ascertained the facts, or of his discharge from their employ. Upon the evidence, therefore, we are of the opinion that the case was properly disposed of by the trial justice, and, as no other exceptions are urged for reversal, the judgments at general and trial terms of the court below should be affirmed with costs. All concur.